NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                              |   |                              |
|------------------------------|---|------------------------------|
| RAYMOND FERGUSON,            | : |                              |
|                              | : | Civil Action No. 12-2662(DRD) |
| Plaintiff,                   | : |                              |
|                              | : |                              |
| v.                           | : | **OPINION**                  |
|                              | : |                              |
| JOSEPH ISABELLA, et al.,     | : |                              |
|                              | : |                              |
| Defendants.                  | : |                              |

**APPEARANCES:**

Raymond Ferguson
Southern State Correctional Facility
4295 Rt. 47
Delmont, NJ  08314
    Plaintiff pro se

**DEBEVOISE**, Senior District Judge

Plaintiff Raymond Ferguson, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant

who is immune from such relief.

## I. BACKGROUND

This matter was originally opened to the Court by Plaintiff's submission of a Complaint [1] challenging the length of his sentence and the conduct of the prosecutor at his criminal trial. He named as Defendants Judge Joseph V. Isabella, prosecutor Christopher J. Ruzich, the Essex County Correctional Facility, the Central Reception and Assignment Facility, Bayside State Prison, and an unnamed Superior Court Clerk. By Memorandum and Order [2] entered October 14, 2012, this Court denied Plaintiff's application for leave to proceed in forma pauperis and administratively terminated this action. Thereafter, Plaintiff applied to re-open this matter, and submitted a new application for leave to proceed in forma pauperis[1] and an Amended Complaint [4].

In the Amended Complaint, including later supplements, Plaintiff names as Defendants only the New Jersey State Parole Board and the Classification department of Southern State Correctional Facility.[2] Although the pleading is rambling, it

---

[1] Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Amended Complaint.

[2] As none of the Defendants named in the original Complaint are named as Defendants in the Amended Complaint, all claims against

2

appears that Plaintiff is challenging his classification and override, as a result of which he was denied "full minimum" status, on the basis that prison and parole officials have obtained inaccurate information regarding his criminal history.[3] He seeks injunctive relief in the form of help to obtain accurate copies of his judgments of conviction.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The

---

them will be dismissed. See, e.g., West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases) ("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" (citation omitted)); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).

[3] The classification system is set forth in the New Jersey Administrative Code and "includes an objective scoring system for determining the appropriate level of custody for an inmate, as well as a series of overrides to the objective classification system for application in prescribed circumstances." Hampton v. Dept. of Corrections, 336 N.J. Super. 520, 525 (N.J. Super. App. Div. 2001) (citing N.J.A.C. 10A:9-1.1 to -8.12). The E-2 override to which Plaintiff objects imposes "medium" custody status to prisoners due to certain sexual offense convictions. See N.J.A.C. 10A-9-2.14.

3

PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under all of the aforementioned provisions.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim[4], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012)

---

[4] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

(quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

5

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV. ANALYSIS

A. Eleventh Amendment

The Eleventh Amendment to the U.S. Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment

immunity. Quern v. Jordan, 440 U.S. 332 (1979). See also Hurst v. City of Rehoboth Beach, 288 F.App'x 20, 24-25 (3d Cir. 2008) (citing Edelman, Pennhurst, and Quern).

To determine whether Eleventh Amendment immunity applies to a state agency, a court must consider three factors: (1) the source of the agency's funding, i.e., whether payment of any judgment would come from the state's treasury, (2) the status of the agency under state law, and (3) the degree of autonomy from state regulation. See Flitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir.) (en banc), cert. denied, 493 U.S. 850 (1989).

Courts in this District have consistently found that the New Jersey State Parole Board is a state agency entitled to Eleventh Amendment immunity from suit in federal court. See, e.g., Graves v. N.J. State Parole Board, Civil No. 11-7563, 2012 WL 2878074 (D.N.J. July 12, 2012); Dastas v. Ross, Civil No. 11-4062, 2012 WL 665630 (D.N.J. Feb. 29, 2012); McCargo v. Hall, Civil No. 11-0533, 2011 WL 6725613 (D.N.J. Dec. 20, 2011); Davis v. New Jersey Dept. of Corrections, Civil No. 10-6007, 2010 WL 4878748 (D.N.J. Nov. 23, 2010). See also Goodman v. McVey, 428 F.App'x 125 (3d Cir. 2011) (Pennsylvania Board of Probation and Parole is a state agency entitled to Eleventh Amendment immunity). Similarly, courts in this District have uniformly held that New Jersey state prison facilities are arms of the

state entitled to Eleventh Amendment immunity. See, e.g., Love v. Dept. of Corrections, Civil No. 13-1050, 2014 WL 46776 (D.N.J. Jan. 6, 2014); Jones v. Central Reception and Assignment Facility, Civil No. 12-0041, 2013 WL 4588775 (D.N.J. Aug. 27, 2013); Cipolla v. Hayman, Civil No. 10-0889, 2013 WL 1288166, *5 (D.N.J. March 26, 2013). Accordingly, the Amended Complaint must be dismissed without prejudice for lack of jurisdiction.

B. The Classification Claim

In the alternative, to the extent this Court can exercise jurisdiction over this claim, it is meritless.

A liberty interest protected by the Due Process Clause of the Fourteenth Amendment may arise from either of two sources: the Due Process Clause itself or State law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995). States may confer on prisoners liberty interests that are protected by the Due Process Clause,

8

"[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sanding, 515 U.S. at 484.

The Supreme Court has noted that, "[i]n Sandin's wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system." Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (finding confinement in Ohio's "supermax" prison to be an "atypical and significant" hardship). It is well established, however, that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242. See also Green v. Williamson, 241 F.App'x 820, 821 (3d Cir. 2007) (citing Sandin, Olim, Meachum, and Montanye). Similarly, nothing in the New Jersey Administrative Code confers on prisoners a liberty interest in a particular custody level. Rather, the provisions of the Administrative Code are directory in nature, setting forth the responsibilities of government officials. Cf. Wesson v.

9

Atlantic Co. Justice Facility, Civil No. 08-3204, 2008 WL 5062028, *6 D.N.J. Nov. 26, 2008) (holding that state statutes regarding place of confinement for prisoners sentenced to term of confinement of less than one year do not create a liberty interest).  Finally, Plaintiff has alleged no facts suggesting that the E-2 override has subjected him to "atypical and significant" hardship.  Accordingly, Plaintiff has failed to state a claim for a due process deprivation arising out of his classification.

V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for lack of jurisdiction or, in the alternative, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  Plaintiff cannot cure the jurisdictional defect by amendment.  An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise
United States Senior District Judge

Dated:  January 21, 2014